J-S41030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAN CHRISTOPHER HAYNES-ALI | : | |
| | : | |
| Appellant | : | No. 1813 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004485-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAN CHRISTOPHER HAYNES-ALI | : | |
| | : | |
| Appellant | : | No. 1814 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005930-2015

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 06, 2019**

Shan Christopher Haynes-Ali (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed following revocation of his probation.  Upon review, we affirm.

The trial court recounted the factual and procedural background as follows:

_____
* Retired Senior Judge assigned to the Superior Court.

On January 5, 2009, [Appellant] pleaded guilty to (among other charges), one count of conspiracy to commit unlawful restraint in criminal action number CP-06-CR-0004485-2007. He was sentenced to probation for a period of three years following the expiration of the sentence imposed under additional counts in that action. On August 28, 2017, [Appellant] pleaded guilty to one count of possession of a controlled substance in criminal action number CP-06-CR-0005930-2015 and was sentenced to probation for a period of twenty-three months, effective that date. [Appellant] was still subject to the orders of probation in both actions when, on August 31, 2017, he was arrested and charged with various counts related to possession with intent to deliver a controlled substance (CP-06-CR-5109-2017).

On June 1, 2018, [Appellant] pleaded guilty in criminal action 5109-2017 to one count of possession with intent to deliver a controlled substance. The same day, the Honorable Eleni Dimitriou Geishauser (Bucks County) sentenced [Appellant] to confinement for a period of 3½ to 10 years, with 274 days' credit for time served. Thereafter, a **Gagnon II**[1] proceeding was initiated in each of the above-captioned dockets by a written request for revocation filed with the clerk of courts. A hearing was held before the undersigned on June 18, 2018. [Appellant] was present and represented by counsel, and he admitted that he violated the terms of his probation. Thereafter, the court revoked [Appellant's] probation in criminal actions 4485-2007 and 5930-2015, and sentenced him as follows: in criminal action 5930-2015, confinement for a period of 18-36 months to commence at the expiration of the sentence imposed in criminal action 5109-2017; in criminal action 4485-2007, confinement for a period of 12-24 months to be concurrent with the sentence imposed at criminal action 5930-2015. Thus, in effect the court revoked [Appellant's] probation and sentenced him to confinement for an aggregate period of 18-36 months commencing September 1, 2027. . . .

On June 22, 2018, [Appellant], by and through his attorney, filed timely motions to modify his sentences following revocation; however, the court did not decide either of [Appellant's] motions to modify his sentences within thirty days of the sentences. Accordingly, as of July 19, 2018, the court was divested of

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

jurisdiction to enter an order deciding these motions. **See** 42 Pa.C.S. § 5505[.] . . . The motions, therefore, remain undecided.

Although [Appellant's] motions to modify were timely filed, the filing of a motion to modify sentence following revocation does not toll the 30-day appeal period. Pa.R.Crim.P. 708(E). [Appellant] did not file a direct appeal within this period. However, on October [15],[2] 2018, [Appellant] filed a petition under the Post Conviction Relief Act, 42 Pa.C.S.[A.] § 9541, et seq., claiming ineffective assistance of counsel for failing to file a timely appeal despite [Appellant's] express direction to do so. The Commonwealth did not challenge the petition. The court granted [Appellant's] petition and restored his right to file a direct appeal within thirty days on October 23, 2018.

Trial Court Opinion, 2/26/19, at 1-3 (footnotes and some citations omitted).

Following the trial court's reinstatement of Appellant's direct appeal rights, Appellant filed two separate notices of appeal *nunc pro tunc* at each trial docket.[3] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Upon application by Appellant, this Court consolidated the two appeals on May 29, 2019.

On appeal, Appellant raises three claims challenging the discretionary aspects of his sentence. **See** Appellant's Brief at 5. We address these claims together.

---

[2] While Appellant's PCRA petition is time-stamped as being filed with the trial court on both October 15, 2018 and October 23, 2018, the trial court's docket entries at both cases reflect a filing date of October 15, 2018. **See** Appellant's PCRA petition, 10/15/18, at 1; Trial Court Docket 4485-2007, at 22; Trial Court Docket 5930-2015, at 10.

[3] Appellant has complied with our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) by filing separate notices of appeal at each docket, "where a single order resolves issues arising on more than one docket." **Id.** at 971.

Appellant alleges that the trial court imposed an excessive sentence, failed to consider the Sentencing Guidelines and the factors delineated in 42 Pa.C.S.A. § 9721(b), and failed to make a contemporaneous statement on the record explaining the reasons for the sentence. *Id.*

We note our standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citations omitted). "Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* at 1286-87 (citation omitted).

Further, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of

- 4 -

appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claims in timely post-sentence motions, filing timely notices of appeal, and including in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 12-13. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court "abused its discretion where it imposed a sentence without consideration of the sentencing guidelines and without expressing adequate reasons to justify the imposition of such a sentence." Appellant's Brief at 5 (unnecessary capitalization omitted). Specifically, Appellant avers that the court imposed an excessive sentence by failing to consider "whether the sentence was consistent with the protection of the public, the gravity of the offenses and the Appellant's rehabilitative needs[.]" *Id.*; *see* 42 Pa.C.S.A. § 9721(b) (sentencing court shall follow general principle that sentence imposed should call for confinement that is consistent with the protection of the public, gravity of the offense as it relates

to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant).  We have held that such a challenge presents a substantial question for our review.  ***See Commonwealth v. Derry***, 150 A.3d 987, 994-95 (Pa. Super. 2016) (claim that a VOP sentencing court failed to consider the factors under 42 Pa.C.S.A. § 9721(b) raises a substantial question).

Appellant also argues that the trial court "failed to make a statement on the record of the specific reasons for the sentence imposed."  Appellant's Brief at 5.  This claim also raises a substantial question.  ***See Commonwealth v. Dunphy***, 20 A.3d 1215, 1222 (Pa. Super. 2011) ("An allegation that a judge failed to offer specific reasons for a sentence does raise a substantial question.") (citations omitted).  Accordingly, we turn to the merits of Appellant's arguments, recognizing:

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration.  42 Pa.C.S. § 9771(b).  However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court."  42 Pa.C.S. 9771(c).

***Commonwealth v. Swope***, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted).

Further:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed

should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).  We have explained:

The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b).  However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

**Commonwealth v. Coulverson**, 34 A.3d 135, 145-46 (Pa. Super. 2011)

(citations omitted).

This Court has held, "[w]hen a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence."

**Baker**, 72 A.3d at 663 (citing **Commonwealth v. Fowler**, 893 A.2d 758, 767

(Pa. Super. 2006)).  Additionally:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant.  The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.  However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  Additionally, the sentencing court must state its reasons for the sentence on the record.  42 Pa.C.S.A. § 9721(b).  **The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been**

**informed by the pre-sentencing report**; thus properly considering and weighing all relevant factors.

***Fowler***, 893 A.2d at 767-68 (citing ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted) (emphasis added).

Instantly, Appellant admitted to violating both his probationary sentences by being convicted of committing another crime. ***See*** N.T., 6/19/18, at 2-3. Before re-sentencing Appellant, the trial court stated:

> You know, [Appellant] is not the only person raised by their grandparents. I get that all the time. I feel bad about the fact your mother passed away and you lost people in your life. A lot of people are raised by their grandparents. And your grandmother who stood up here seems like a very nice lady.
>
> *       *       *
>
> What's disturbing to me, I sometimes go out of my way and then it just comes back to bite me. Didn't take advantage of the fact I could have just incarcerated him and he would have lost everything then.
>
> *       *       *
>
> I have heard a lot of things this afternoon. I am taking a lot of things into consideration. I reviewed your P.S.I. I have [] knowledge about your history. I listened to your family members. I have appreciated the fact they all came in here this afternoon. And it does not make a difference in the sentence, but it does make a difference to me. But it still makes a difference. Okay. Whatever level, it makes a difference.
>
> In any event here's what I am going to do. On the 2015 docket I'm going to go with the Commonwealth's recommendation. I'm going to run the other one concurrent.
>
> There has to be some ramifications. I can't keep saying that and nothing happens. I gave him electronic monitor. I remember needing to raise the family and needing the money and etc., etc. And I did, I mean I bent over backwards a year ago. There has to be some consequence for all of that.

- 8 -

I can't just let people come in here and constantly walk all over us and then think that nothing is going to happen. I can't imagine there is anything that you can say to me that would change my mind. . . . I'm still not giving you the total of what [the Commonwealth] wants. And part of my consideration is the fact that the '07 docket was about to expire in relatively short order and the fact that it's not a felony, it's a misdemeanor. So I'm going to run that at the same time as the drug case.

You are not doing anything additional even though you are in violation of the '07 matter. If I don't do that there's absolutely nothing I would have done as a result of your violations. There would have been no consequence.

N.T., 6/19/18, at 17, 20, 23-24.

The trial court further commented:

In the instant matter, the sentences were based on the facts of the violations and the circumstances of [Appellant]. Prior to imposing [Appellant's] standard range sentence of incarceration in criminal action 5930-201[5] and a concurrent standard range sentence of incarceration in criminal action 4485-2007, the court considered all relevant sentencing factors as well as the sentencing guidelines and a pre-sentence investigation report. [Appellant's] sentence at criminal action 5930-201[5] for possession of a controlled-substance is 18-36 months, in part, because the minimum term is within the standard range guideline based on the offense gravity score (3) and [Appellant's] prior record score . . .

As both sentences were within the standard range and [the] sentence at criminal action 4485-2007 was made concurrent to criminal action 5930-2015, to succeed on his claim that the sentence is "manifestly excessive," [Appellant] has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). His Statement is void of any facts to support his claim.

At this point, [Appellant] has exhausted his rehabilitative opportunities and his history demonstrates he is simply not amenable to further community supervision. He will continue to

be a significant risk to the community if he is not incarcerated. Therefore, a sentence was imposed to protect the community from [Appellant's] criminal behavior, as well as to protect [Appellant] from his own self-destructive behavior. Ultimately, this Court determined that incarceration is necessary and is clearly warranted in this case. . . .

At the time of sentencing in this case, the undersigned judge stated on the record the reasons for revoking [Appellant's] probation and for imposing sentences of confinement, and also acknowledged having [Appellant's] PSI report. Accordingly, the court satisfied the requirement of placing the reasons on the record.

Trial Court Opinion, 2/26/19, at 6-8 (footnotes and citations omitted).

We discern no abuse of discretion. The trial court reviewed Appellant's pre-sentence investigation report, commented at length regarding Appellant's upbringing and personal history, and recognized statements from Appellant's family members; however, the court emphasized that incarceration was warranted to vindicate the court's authority. *See* N.T., 6/19/18, at 17, 23-24. Also, while Appellant argues that he received a "manifestly excessive" sentence, the trial court opted to impose Appellant's sentences at each docket concurrently. *Id.* at 23 ("[P]art of my consideration is the fact that the '07 docket was about to expire in relatively short order and the fact that it's not a felony, it's a misdemeanor. So I'm going to run that at the same time as the drug case. You are not doing anything additional even though you are in violation of the '07 matter.").

In sum, the record does not support Appellant's sentencing claims.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2019